UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Menachem Raitport,
    Plaintiff

    v.                                   Civil No. 09-cv-156-SM
                                         Opinion No. 2010 DNH 039
Harbour Capital Corporation,
    Defendant

**O R D E R**

Defendant moves, on two grounds, to dismiss this private claim brought under the Telephone Consumer Protection Act ("TCPA"). First, defendant says federal question jurisdiction (28 U.S.C. § 1331) has not been properly invoked, and, second, that plaintiff fails to state a cause of action. See Fed. R. Civ. P. 12(b)(1) and (b)(6). The parties have fully briefed and argued the issues, and, during oral argument, even addressed a number of other potentially dispositive (but premature) issues.

While there is a split of authority among the courts of appeals that have addressed the issue[1], I think the Seventh

---

[1] Several federal circuit courts of appeals have concluded that there is no federal question jurisdiction over private TCPA claims. Murphey v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); Foxhall Realty Law Offices v. Telecommunications Premium Servs., Ltd., 156 F.3d 432, 435 (2d Cir. 1998); Erienet, Inc. v. Velocity Net, 156 F.3d 513, 519 (3d Cir. 1998); Nicholson v. Hooters of Augusta, 136 F.3d 1287, 1289 (11th Cir. 1998); Chair King v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997); International Science & Tech. Inst., Inc. v. Inacom Communs., 106

Circuit's view, concluding that a private TCPA claim brought under 47 U.S.C. § 227 does present a federal question for § 1331 purposes, is the most persuasive.  As the court noted in Brill, the pertinent statutory provision

> . . . does not mention removal or the general federal-question jurisdiction.  It does not declare state jurisdiction to be exclusive.  Thus it does not expressly override a defendant's removal rights under . . . § 1441 (because a claim that a business violated the Telephone Consumer Protection Act arises under federal law) . . . .

Brill, 427 F.3d at 450.  A claim arising under federal law is a claim over which federal courts have subject matter jurisdiction, unless Congress has explicitly stripped that jurisdiction.  Congress has not expressly stripped the federal courts of federal question jurisdiction over TCPA claims, and the statute's reference to state jurisdiction over such claims is a reference to concurrent, not exclusive, jurisdiction.

    Finally, taking the facts asserted in the complaint as true, as the court must at this stage, the complaint does, facially, allege a cause of action for violation of the TCPA.

---

F.3d 1146, 1156 (4th Cir. 1997).  But the Seventh Circuit, following subsequent Supreme Court precedent, determined that federal question jurisdiction is properly invoked in private TCPA claims.  Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner and Rovner, J.J.).  The court of appeals for this circuit has yet to confront the issue.

### Conclusion

The motion to dismiss (document no. 10) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 4, 2010

cc:  Aytan Y. Bellin, Esq.
     Michael J. Sheehan, Esq.
     William E. Christie, Esq.