UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Menachem Raitport and Crown Kosher Meat Market Inc.,
on behalf of themselves and all others similarly situated,
              Plaintiffs,                              Amended
                                                       Complaint

              v.

                                              No. 09-CV-156 (SJM)

Harbour Capital Corporation,                  Jury Trial Demanded
              Defendant.

**Class Action Complaint for Damages and Injunctive Relief**

Come now Plaintiffs Menachem Raitport and Crown Kosher Meat Market Inc., on behalf of themselves himself and all others similarly situated, and allege as follows:

## INTRODUCTION

1.     Menachem Raitport (hereinafter "Raitport") and Crown Kosher Meat Market Inc. (hereinafter "Crown") (hereinafter collectively "Plaintiffs") are bringing this action against Harbour Capital Corporation (hereinafter "Harbour" or "Defendant") for violating the Telephone Consumer Protection Act (hereinafter "the TCPA").  Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these

1

recipients, who are consumers and businesses.  Defendant has recently transmitted or caused to be transmitted thousands of unsolicited and/or solicited fax advertisements for property, goods and/or services of Defendant to Plaintiffs and the proposed classes of similarly situated persons.  Therefore, Defendant is liable to Plaintiffs and the proposed classes of similarly situated persons under the TCPA.

## JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.     This Court also has diversity jurisdiction over this action under 28 U.S.C.  28 U.S.C. § 1332(d) in that, upon information and belief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which the class Plaintiffs are citizens of a state different from the Defendant.

4.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

5.     Raitport is a New York resident who resides at 637 Montgomery Street, Brooklyn, New York 11225.

6.     Crown is a New York Corporation that has its principal place of business at 413 Kingston Avenue, Brooklyn, New York 11225.

7.      Upon information and belief, Defendant Harbour Capital Corporation is a New Hampshire corporation with its principal place of business at 121 Shattuck Way, Newington, New Hampshire and is in the business of, among other things, lending money to businesses.

## DEFENDANT'S ILLEGAL ACTIONS

8.      Raitport still has and had at all relevant times to this action telephone service at (718) 774-6292 at his home at 637 Montgomery Street, Brooklyn, New York 11225.  The above telephone number was and is held in his individual name and all bills for said telephone number are addressed to him individually.   Raitport receives facsimile transmissions (hereinafter "faxes") at this number, at his home, using a telephone facsimile machine (hereinafter "fax machine").  The above-described fax machine belongs to Raitport as an individual.

9.      Raitport permits Crown to use the above telephone line and fax machine for the receipt of facsimile transmissions.  Crown receives faxes at this number using the above-mentioned fax machine.

10.     On or about October 4, 2006, November 6, 2006, at least once before August 1, 2006, and on other dates from May 5, 2005 through the present, Defendant, without Plaintiffs' express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other

3

device to transmit unsolicited fax advertisements (hereinafter "the fax advertisements"), advertising the commercial availability or quality of any property, goods, or services of Defendant, to Plaintiffs at the telephone number listed above.  Copies of three of the fax advertisements are attached hereto as Exhibit A and are incorporated herein by reference.

11.    The fax advertisements were wholly unsolicited in that they were transmitted to Plaintiffs by Defendant without Plaintiffs' express invitation or permission.

12.    Upon information and belief, the fax advertisements do not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D).

13.    Upon information and belief, the fax advertisements do not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii).

14.    Upon information and belief, Defendant either negligently or willfully and/or knowingly arranged for and/or caused the fax advertisements to be sent to Raitport's fax machine.

15.    Upon information and belief, Defendant has, from May 5, 2005, to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services of Defendant, to fax machines and/or computers belonging to thousands of persons all over the United States without the express invitation or permission of the persons to whom the fax machines

and/or computers belong or who otherwise have authority to grant such express invitation or permission.

16.    Upon information and belief, the facsimile advertisements described in the preceding paragraph did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D).

17.    Upon information and belief, Defendant has, from August 1, 2006 to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over ten-thousand (10,000) unsolicited and/or solicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services of Defendant, to fax machines and/or computers belonging to thousands of persons all over the United States.

18.    Upon information and belief, the facsimile advertisements described in the preceding paragraph did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii).

<u>THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER</u>

19.    The Telephone Consumer Protection Act of 1991, Pub.L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227.

20.    In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

21.    In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

22.    As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services of Defendant which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

23.    47 U.S.C. § 227(b)(1)(C)(iii) provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the

6

unsolicited facsimile advertisement contains a notice meeting the requirements under 47 U.S.C. § 227(b)(2)(D).

24.     47 U.S.C. § 227(b)(2)(D) provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(I) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and
(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

25.    47 C.F.R. § 64.1200(a)(3) provides that no person or entity

may:

Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

    *        *        *

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

26.    47 C.F.R. § 64.1200(a)(3)(iv) provides that:

[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section.

27.    Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, **or to receive $500 in damages for each such violation**, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(emphasis added).

28.    47 U.S.C. § 312(f)(1) provides that  "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of

9

any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty ratified by the United States."

### Class Allegations

29.    Plaintiffs bring this class action on behalf of themselves and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

30.    Plaintiffs seek to represent three classes of individuals defined as follows:

Class A: All persons in the United States to whom, from May 5, 2005 through July 8, 2005, Defendant transmitted or caused to be transmitted a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, using a telephone facsimile machine, computer, or other device, without the persons' express invitation or permission.

Class B: All persons from July 9, 2005 through July 30, 2006 to whom Defendant transmitted or caused to be transmitted a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), using a telephone facsimile machine, computer, or other device, without the persons' express invitation or permission.

10

Class C: All persons from August 1, 2006 through the present, to whom Defendant transmitted or caused to be transmitted a facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), using a telephone facsimile machine, computer, or other device.

31.    Classes A, B and C are hereinafter referred to collectively as the Classes.

32.    <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

33.    Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C.

34.    Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's fax and marketing records.

35.    Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, email notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

36.   <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the members of Class A. The claims of the Plaintiffs and members of Class A are based on the same legal theories and arise from the same unlawful and willful conduct.

37.   Plaintiffs and members of Class A each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, which Defendant transmitted or caused to be transmitted without Plaintiffs' and the members of Class A's express invitation or permission.

38.   Plaintiffs' claims are typical of the claims of the members of Class B. The claims of the Plaintiffs and members of Class B are based on the same legal theories and arise from the same unlawful and willful conduct.

39.   Plaintiffs and members of Class B each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), which Defendant transmitted or caused to be transmitted without Plaintiffs' and the members of Class B's express permission or authority.

40.   Plaintiffs' claims are typical of the claims of the members of Class C. The claims of the Plaintiffs and members of Class C are based on the same legal theories and arise from the same unlawful and willful conduct.

41.    Plaintiffs and members of Class C each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services of Defendant, which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), which Defendant transmitted or caused to be transmitted.

42.    <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiffs and members of the Classes.

43.    The questions of fact and law common to the Plaintiffs and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of transmitting and/or causing to be transmitted to the Plaintiffs and the members of Class A unsolicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services of Defendant, violated 47 U.S.C. § 227(b) and/or the regulations thereunder.

 (b) Whether the Plaintiffs and the members of Class A are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether the Plaintiffs and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

44.    The questions of fact and law common to the Plaintiffs and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of transmitting and/or causing to be transmitted to the Plaintiffs and the members of Class B unsolicited fax advertisements, which advertised the commercial availability or quality

of any property, goods, or services of Defendant and which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), by facsimile, computer or other device violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

(b) Whether the Plaintiffs and the members of Class B are entitled to statutory damages and costs for Defendant's acts and conduct; and

(c) Whether the Plaintiffs and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

45.     The questions of fact and law common to the Plaintiffs and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of transmitting and/or causing to be transmitted to the Plaintiffs and the members of Class C fax advertisements, which advertised the commercial availability or quality of any property, goods, or services of Defendant and which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii), by facsimile, computer or other device violated 47 U.S.C. § 227(b);

 (b) Whether the Plaintiffs and the members of Class C are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(c) Whether the Plaintiffs and members of Class C are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

46.     Adequacy of Representation: Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the members of the Classes. Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and have no interests antagonistic to the members of the Classes.  Plaintiffs

have retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

47.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiffs do not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

48.   <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to the members of the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

## **AS AND FOR A FIRST CAUSE OF ACTION**

49.   Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

50.    By Defendant's conduct, described above, Defendant committed numerous violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class A to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of class A were wholly unsolicited.

51.   Accordingly, Plaintiffs and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount to be determined at trial.

## **AS AND FOR A SECOND CAUSE OF ACTION**

52.   Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

53.    By Defendant's conduct, described above, Defendant committed numerous violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class B to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of class B were wholly unsolicited and did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D);

54.     Accordingly, Plaintiffs and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

55.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

56.      By Defendant's conduct, described above, Defendant committed numerous violations of 47 U.S.C. § 227(b) against Plaintiffs and the members of Class C to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiffs and the members of class C did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii);

57.     Accordingly, Plaintiffs and the members of Class C are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

58.     Plaintiffs repeat each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

59.     As described above, upon information and belief, Defendant has committed numerous violations of 47 U.S.C. § 227(b).

17

60.     Accordingly, under 47 U.S.C. § 227(b)(3)(A), Plaintiffs and the members of the Classes are entitled to an injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the Classes, prays for:

I.      An order certifying the Classes and appointing Plaintiffs as the representatives of the Classes and appointing the law firms representing Plaintiffs as counsel for the Classes;

2.      An award to Plaintiffs and the members of the Classes of statutory damages, in excess of $5,000,000, pursuant to 47 U.S.C. § 227(b), for Defendant's violations of that statute and the regulations thereunder;

3.      An injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

4.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial of all issues in this case by jury.

Respectfully submitted,
Menachem Raitport
By his attorney

s/ Michael J. Sheehan
  By: Michael J. Sheehan, Esq.  #6590
  One of Plaintiffs' Attorneys
  3 North Spring Street, Suite 101
  Concord, New Hampshire 03301
  Tel:  (603) 225-5240
   msheehan@usa.net

Aytan Y. Bellin, Esq. (admitted *pro hac vice*)
Bellin & Associates LLC
One of Plaintiffs' Attorneys
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
aytan.bellin@bellinlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

MENACHEM RAITPORT and CROWN
KOSHER MEAT MARKET INC., on behalf of
themselves and all others similarly situated,,

                  Plaintiffs,

        -against-                   **09 CV 156 (SM)**

HARBOUR CAPITAL CORPORATION,

                  Defendant.

_____

## CERTIFICATE OF SERVICE

       **I,** Aytan Y. Bellin, hereby certify as follows:

       1.      I am an attorney at law admitted to practice *pro hac vice* before this Court and am the managing attorney of the firm Bellin & Associates LLC, one of the attorneys for Plaintiffs Menachem Raitport and Crown Kosher Meat Market Inc.

       2.      On April 30, 2010, I caused a true and correct copy of an Amended Complaint with an Exhibit to be served on counsel for Defendant Harbour Capital Corporation via the Court's ECF system.

       4.      I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: White Plains, New York
      April 30, 2010

                           By: s/Aytan Y. Bellin
                                 Aytan Y. Bellin, Esq.
                           Bellin & Associates LLC
                           One of Plaintiff's Attorneys

85 Miles Avenue
White Plains, NY 10606
(914) 358-5345
aytan.bellin@bellinlaw.com