UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Menachem Raitport,
    Plaintiff

    v.                                   Case No. 09-cv-156-SM

Crown Kosher Meat Market, Inc.,
and Harbour Capital Corporation,
    Defendants

**O R D E R**

This case is fraught with ambiguity in that the federal statute, the Telephone Consumer Protection Act ("TCPA"), which creates a private right of action for sending certain prohibited unsolicited facsimile advertisements, is drafted in such an irregular way that its meaning is susceptible to multiple interpretations, each of which is odd but possible, and none of which is plainly correct[1].  It is simply not apparent what Congress intended in drafting the act:  Is the private cause of action a federal one?  Do the federal courts have federal question jurisdiction over such claims under 28 U.S.C. § 1331, given the odd limiting language Congress used?  If subject matter jurisdiction is limited to consenting state courts, do federal

---

[1]  In creating a private right of action, Congress used unique language.  Per the federal statute, "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [an action]."  47 U.S.C.A. § 227(b)(3) (emphasis added).

courts have diversity jurisdiction over such claims under 28 U.S.C. § 1332?  If there is federal question and diversity jurisdiction over such claims in the federal courts, has Congress defined the federal cause of action in such a manner that it can only be litigated in state court, even assuming federal jurisdiction?

For those who might think the referenced confusion to be exaggerated, a brief review of the transcript of oral argument in the United States Supreme Court in <u>Mims v. Arrow Financial Services, LLC</u>, No. 10-1195 on November 28, 2011, should prove the point[2].  The decision in <u>Mims</u> will resolve a fundamental question, necessary to proceeding in this case:  Does this court have jurisdiction over this claim?  And, even if this court does have jurisdiction, is the claim, as statutorily described, one that, nevertheless, must be pursued, if at all, in state court?  Perhaps other significant ambiguities in the statute, relevant to this litigation, will be addressed as well[3].

---

[2] Chief Justice Roberts described the statute as the "strangest statute I have ever seen."  <u>Mims</u> Oral Argument Transcript, No. 10-1195 at 49, 24-25.

[3] For example, the TCPA, by its language, purports to govern only "unsolicited facsimile advertisements" and defines the term.  The accompanying regulations, however, appear to regulate solicited facsimile advertisements as well.  This surely cannot be, given the plain language in the TCPA itself.

Since the outcome in <u>Mims</u> is not predictable, but will be dispositive with respect to jurisdiction, further expenditure of time and resources would be unwise, given the uncertainty. <u>Mims</u> of course, directly implicates this court's previous order denying defendant's motion to dismiss for lack of subject matter jurisdiction.

All pending motions are denied without prejudice to refiling after the United States Supreme Court issues its decision in <u>Mims</u>. The case is stayed pending further order of this court.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 5, 2011

cc: Aytan Y. Bellin, Esq.
    Michael J. Sheehan, Esq.
    William E. Christie, Esq.